19673—State of Ohio, ex rel. Herman P. Goebel et al. v. Clifford Brown et al; error to the Court of Appeals of Hamilton county. Petition in error as of right dismissed, no debatable constitutional question involved. Marshall, CJ., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur. Dock. 3-9-26; 4 Abs. 176.

**MOTION DOCKET**

19673—State of Ohio ex Herman P. Goebel et v. Clifford Brown. Motion for Hamilton Appeals to certify. Overruled. Dock. 3-9-26; 4 Abs. 176.

19673—State of Ohio ex Herman P. Goebel et v. Clifford Brown. Motion by defendant to dismiss petition in error as of right. Sustained. Dock. 3-9-26; 4 Abs. 176.

19680—Soyco Mills Co. et v. Wolf Company. Motion for Darke Appeals to certify. Overruled. Dock. 3-11-26; 4 Abs. 192; OS. Pend. 4 Abs. 290.

19693—Veane Simmons Scott v. Hazel Dewland et. Motion for Wood Appeals to certify. Overruled. Dock. 3-17-26; 4 Abs. 208; OS. Pend. 4 Abs. 262.

19718—Industrial Commission of Ohio v. John Warren. Motion for Cuyahoga Appeals to certify. Allowed. Dock. 3-26-26; 4 Abs. 223.

19723—Irving B. Neikirk v. Republic Banking Co. Motion for Seneca Appeals to certify. Overruled. Dock. 3-27-26; 4 Abs. 223.

19747—Elizabeth Hulings Howard v. Central National Bank of Marietta et. Motion for Washington Appeals to certify. Overruled. Dock. 4-5-26; 4 Abs. 238.

19748—In the matter of the estate of Harry B. Hulings. Motion for Washington Appeals to certify. Overruled. Dock. 4-5-26; 4 Abs. 238.

18873—Chicago Pneumatic Tool Co. v. National Discount Co. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 12-19-25; 3 Abs. 2.

# Abstracts of Last Week's SUPREME COURT OPINIONS

## SYLLABI

### No. 412.

No. 19511—Coney Island Motor Bus Corp. v. Public Utilities Com. of Ohio. Error to the Public Utilities Commission.

No. 19512. Madisonville Motor Bus Corp. v. The Public Utilities Com. of Ohio. Error to the Public Utilities Commission.

**793. MOTOR VEHICLES—1. Power to regulate motor transportation companies operating over routes outside of municipalities, is exclusive with public utilities commission.**

**2. Certificate to operate cannot be granted for territory already served, unless proof of necessity therefor is furnished, and then not without 60 days' time is given to exclusive operator.**

**3. Refusal of commission to consider any evidence proving inadequacy of service, is error.**

JONES, J.

1. Under Section 614-86 et seq., General Code, the Public Utilities Commission has exclusive power to supervise and regulate motor transportation companies therein defined, which operate over routes or parts of a route outside of municipalities.

2. Under Section 614-87, General Code, (111 O. L. 516), a certificate cannot be granted to an applicant to operate in a territory already served by a certified motor transportation company, except upon proof that reasonably adequate service is not provided by the existing company; and even then, an applicant desiring to operate in the pre-empted territory cannot obtain a certificate until the existing operator is given not less than sixty days to provide the service that the commission requires.

3. An applicant for a certificate over such route is required to show the inadequacy of service of the company occupying such route, and a refusal by the commission to consider any evidence proving such inadequacy is error.

Order reversed.

Marshall, CJ., Matthias, Day, Kinkade and Robinson, JJ., concur.

### No. 413

No. 19330—State of Ohio, ex. Nolan v. Thad H. Brown, as State Supervisor of Elections.

**1277. WORDS AND PHRASES—"Qualified electors" and "Qualified persons" defined as persons possessing and qualified to exercise rights of and be qualified to properly discharge the duties of electors.**

**448. ELECTIONS—State supervisor of elections must exercise sound discretion in appointing deputies and may refuse to appoint an applicant altho recommended by political committee.**

KINKADE, J.

1. The words "qualified electors" as used in Section 4803, General Code, and the words "qualified persons" as used in Sections 4805, and 4807, General Code, mean that the persons referred to must be electors possessing all the rights of electors of the county in general and qualified to exercise such rights, and in addition thereto must be qualified, in all respects, to properly discharge all duties imposed by law upon deputy state supervisors of elections.

2. It is the duty of the state supervisor of elections to exercise a sound discretion, in appointing members of boards of deputy state supervisors of elections, concerning the qualifications in general of persons seeking such appointments, and where the evidence of disqualification is clear and convincing the appointment may be refused notwithstanding the recommendation of the political committee. The burden of establishing disqualification is upon the state supervisor of elections.

Writ denied.

Marshall, CJ., Day, Allen and Robinson, JJ., concur.

### No. 414

No. 19513—State of Ohio, ex rel. Carson et v. Board of Education of Stock Township, Harrison County, Ohio. Error to Harrison Appeals.

**747. MANDAMUS—Not a chancery case, within meaning of Constitution, as to jurisdiction of Appellate Court.**

ALLEN, J.

The action of mandamus does not constitute a chancery case within the purview of Article IV, Section 6, of the Ohio Constitution.

Judgment affirmed.

Marshall, CJ., Jones, Matthias, Day, Kinkade and Robinson, JJ., concur.